# THE LAW OFFICE OF
# ELISA HYMAN, P.C.

September 14, 2020



BY ECF
The Honorable Judge Barbara C. Moses
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re:  *N.S. et al., v. New York City Department of Education, et al.,*
 18-cv-11786 (ALC) (BCM)

Dear Judge Moses:

I represent the Plaintiffs in the above-referenced action. I am writing jointly with Defendants' counsel in advance of the status conference scheduled for next Monday September 21, 2020 at 11:00 A.M., as per the Court's August 19, 2020 Order. *See* Dkt. No. 31. The parties are writing this letter jointly, but one of the applications is being made by Plaintiffs.

**Joint Requests**
First, the parties are jointly requesting an adjournment of the conference scheduled for Monday, September 21, 2020 for 30 days. As noted in our prior letter, the parties are still hoping to settle this case. Unfortunately, we have not progressed as quickly as we had hoped.

The parties apologize to the Court as COVID-19 and the summer caused a tremendous interruption in both of our offices, the Department of Education and the private schools. We had hoped to negotiate in settlement and had not proceeded with discovery following the exchange of initial disclosures on May 29, 2020. We realize we should have asked for a discovery stay to try to complete settlement after the schools reopened. It has been an unprecedented situation. Both parties had this case on settlement track and, as such, the internal discovery deadlines were inadvertently overlooked.

Due to COVID-19, the student's private school and the New York City Department of Education ("DOE") offices were closed. Defendants were unable to finish producing the related service attendance records for the relevant time period for the missing therapies at issue for the service accounting. Since the summer, the DOE had been focused on remote learning and the safe reopening of schools in September. Most of our cases have been on hold due to the limited access to documents.

The discovery schedule we had submitted prior to COVID-19 in December 2019 proposed a close of discovery by September 30, 2020. *See* ECF No. 22. We are jointly seeking a stay of

discovery for 60 days for Defendants to complete the service accounting[1] and for the parties to try to complete settlement once that is provided.  The parties' joint letter indicated that Plaintiffs intend to turn over their attorney's fees records by January 30, 2020 or within 30 days following Defendants' completion of the service accounting production, whichever is later.  *See* ECF No. 21.  However, Plaintiffs have agreed that we will provide our fee records within one week, notwithstanding the fact that Defendants need additional time to finish production of the service accounting.

If the parties are unable to settle, we are seeking an extension of the discovery schedule for 90 days thereafter, with a *nunc pro tunc* extension of the deadlines in the CMP to serve initial requests for production of documents and submit a protective order/clawback order within 20 days following the conclusion of the stay. This is the parties' first request to extend the overall discovery schedule.  Defendants are making this joint request without reservation of their position that discovery is not warranted in this case.

**Request by Plaintiffs to Transfer the Case to Judge Lehrburger**

In the parties' December 2019 Joint Letter (*see* ECF No. 21) (which we elaborated upon during the following conference before Your Honor), the parties noted that N.S. and K.S. are named Plaintiffs in *M.G. et al. v. N.Y. City Dep't of Educ., et al.*, 13-cv-04639 (S.D.N.Y.) ((RWL) (the "M.G. Class Action").[2]  At the time that the parties proposed the Case Management Plan, Plaintiffs advised that they would seek an extension of the schedule in the event that they sought systemic discovery.  Further, we advised that if this case proceeded to litigation, Plaintiffs would need to apply to Judge Stein to seek a reconsideration of the issue of whether this action is related, particularly in light of the new complaint in M.G.  The parties are still hopeful that the Court will afford the parties more time to try to settle the case without proceeding down this path (once Plaintiffs obtain the full service accounting) and are not seeking to ramp up this litigation before we have the opportunity to do so.

However, at this time, Plaintiffs are requesting that the Court transfer this action to Judge Lehrburger.[3]  Currently, discovery has been produced in *M.G.* and the parties are in the process

---

[1] Defendants have produced a partial services accounting to Plaintiffs, and will seek to supplement information about related services from the student's private school now that schools have opened.

[2] Further, the M.G. plaintiffs were in the process of filing a Fifth Amended Complaint, which did not occur until May 1, 2020. *See M.G.*, 1:13-cv-04639 (ECF No. 298).

[3] This action is now one of *sixteen individual actions* pending in the Southern District involving either a named plaintiff or unnamed plaintiff in the M.G. Class Action who is seeking individual relief for an alleged violation of either their underlying orders and the stay-put provision of the IDEA who also raises systemic claims that, in part, overlap with the M.G. Claims  Currently, Judge Lehrburger has at least five of these cases.  *M.H. et al. v. NYC Dep't of Educ.*, 19-cv-3362 (LGS)(RWL); *V.B.* et al. v. NYC Dep't of Educ., 19-cv-11226 (JMF)(RWL); *A.C. et al. v. NYC Dep't of Educ.*, 20-cv-4807 (JMF)(RWL); *D.A. et al. v. NYC Dep't of Educ.*, 20-cv-5175 (JMF) (RWL); *E.E.G. et al. v. NYC Dep't of Educ.,* 19-cv1316

of discovery litigation. If this case proceeds, it is Plaintiffs' position that N.S. should be able to use some or all of the systemic discovery already obtained in the form of data and impartial hearing records in his individual action. However, at the time, Defendants have marked the data and records "confidential." In addition, some of the additional discovery that the M.G. Plaintiffs seek from the Defendants (a brewing subject of discovery litigation) (*M.G. v. New York City Dep't of Educ.*, 13-cv-0439, ECF Nos. 311-314) are relevant to the claims raised here. Judge Lehrburger would be in the best position to construe the scope of claims and discovery in the M.G. Class Action and this action to determine the extent to which there is an overlap. Thus, it would facilitate judicial economy for Judge Lehrburger to be assigned. Further, under the circumstances, if this request is granted, the stay of discovery for settlement and additional discovery extension would allow for the transition and coordination of the discovery of this and the other related matters before Judge Lehrburger.

Thank you for Your Honor's consideration of these matters and, again, the parties both apologize for the missed deadlines within the schedule. If the Court determines not to adjourn next week's conference, the parties will be prepared to discuss all of these issues with the Court.

    Sincerely,

    */s/ Elisa Hyman*
    _____
    Elisa Hyman
    *Counsel for the Plaintiffs*

cc: Andrew Rauchberg, Esq.

> Application DENIED. The September 21, 2020 status conference will remain on the calendar. The parties should be prepared to discuss the scheduling issues raised in their letter at the conference. In light of the ongoing national public health emergency, the conference will be conducted telephonically. At 11:00 a.m., the parties shall dial (888) 557-8511 and enter the access code 7746387. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called. SO ORDERED.
>
> _____
> Barbara Moses, U.S.M.J.
> September 18, 2020

---

(SHS)(RWL); *E.H.1 et al. v, NYC Dep't of Educ.,* 19-cv-10251 (JPO)(GWG); *A.G. et al. v. NYC Dep't of Educ.,* 19-cv-03829 (PAE)(SDA); *A.G. et al. v. NYC Dep't of Educ.,* 20-cv-04807 (PAE); *M.G. et al. v. NYC Dep't of Educ.,* 19-cv-3092 (PAE)(DCF); *J.M. et al. v. NYC Dep't of Educ.,* 20-cv-1329 (PAE)(KNF); *M.G. et al. v. NYC Dep't of Educ.,* 17-cv-7612 (RA)(SJN); *N.A. et al. v. NYC Dep't of Educ.,* 18-cv-4048 (ALC)(SLC)*; L.R. et al. v. NYC Dep't of Educ.,* 19-cv-577 (AJN)(GWG); *C.H. et al. v. NYC Dep't of Educ.,* 19-cv3827 (RA)(SDA); *M.V. et al. v. NYC Dep't of Educ.,* 20-cv-735 (PGG).